UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Benjanell Butler, Jr.,                                    Case No.   3:24-cv-461

                    Plaintiff,

          v.                                              MEMORANDUM OPINION
                                                              AND ORDER
Dr. Andrew Eddy, *et al.*,

                    Defendants.

## I.      BACKGROUND

Benjanell Butler, Jr., an Ohio prisoner incarcerated in the Allen/Oakwood Correctional

Institution ("AOCI") who is proceeding without counsel, has filed an *in forma pauperis* prisoner civil

rights complaint in this case against Ohio Department of Rehabilitation and Correction Chief

Medical Administrator Dr. Andrew Eddy and AOCI CPN David Caudill and Health Care

Administrator Landon Kohls.   (Doc. No. 1).

He seeks $350,000 in damages on the basis that Defendants have been deliberately

indifferent to his medical needs and subjected him to cruel and unusual punishment by failing to

provide him adequate or proper post-operative medical care following surgery for degenerative disc

disease.   (*Id.* at 5).   In his complaint, he indicates that he was prescribed and provided various pain

medications (*i.e.*, Tegretol and Cymbalta), but he complains that the medications he was prescribed

or provided him were inadequate or ineffective or had adverse effects and that he still suffers

debilitating pain.

As support for his claims, he lists various complaints he submitted against Defendants in

2022 and 2023 about the medications and treatment he was provided.   (*See id.* at 5-6).   He

submitted complaints against Defendants for, among other things, "prescribing improper medications and medical negligence," and for "denial of medication and medical services to adequately treat [his] chronic nerve damages and pain being experienced throughout [his] body." (*Id.* at 6).

Plaintiff filed a prior lawsuit in 2015 alleging deliberate indifference against different defendants relating to the pain medication and care he received for his degenerative disc disease during his incarceration at the Toledo Correctional Institution.   My colleague United States District Judge James G. Carr dismissed Plaintiff's prior complaint with prejudice for want of prosecution. *See Butler v. ODRC et al.,* No. 3:15-cv-395 (N.D. Ohio).

For the reasons that follow, I dismiss Plaintiff's complaint.

## II.   DISCUSSION

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.   *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).   A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.   *Neitzke*, 490 U.S. at 327.   A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "'short and plain statement of the claim showing that the pleader is entitled to relief.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.   *Twombly*, 550 U.S. at 555.   The Plaintiff is not required to include detailed factual allegations, but must provide

more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  Even liberally construed, Plaintiff's complaint fails to state a plausible constitutional deliberate indifference claim.

In order for a prisoner to state an Eighth Amendment deliberate indifference claim with respect to his medical care, he must demonstrate "both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (citation omitted).   He must demonstrate that he had a "sufficiently serious medical need" (the objective component), and that each prison official in question had "a sufficiently culpable state of mind in denying medical care" (the subjective component).  *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citations and internal quotations marks omitted).

The subjective component requires more than mere negligence, medical malpractice, or "misdiagnosis of an ailment."  *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir.2001).   Rather, to satisfy the subjective component, a plaintiff must "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk."  *Id.* (citation omitted).   "When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation."  *Id.*

Plaintiff's complaint does not allege facts from which a reasonable jury could conclude that any Defendant acted with the subjective state of mind necessary to demonstrate constitutional deliberate indifference.

Although Plaintiff complains about the adequacy of the pain medication or treatment provided to him, he does not contend he received no care or treatment at all.   Plaintiff

acknowledges he received treatment for his degenerative disc disease, including pain medication. He appears to contend his treatment is inadequate and ineffective because he is still experiencing pain, but he does not allege facts supporting a plausible inference that the treatment he was provided was "so cursory as to amount to no treatment at all." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843-44 (6th Cir. 2002); *see also Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) (where a prisoner has received some medical care and the dispute is over the adequacy of the treatment, "federal courts are generally reluctant to second guess medical judgments" unless the medical treatment provided was "so woefully inadequate as to amount to no treatment at all"). Plaintiff does not indicate what alternative treatment or pain medication he believes should, or could, be provided to him.

In any case, although Plaintiff disagrees with the assessment of Defendants as to the urgency of his needs or the adequacy of his care, or both, a prisoner's disagreement with the level of testing or treatment he receives does not rise to the level of a constitutional violation. *Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008); *see also Ward v. Smith*, 100 F.3d 958, at *1 (6th Cir. Oct. 29, 1996) (unreported table decision) ("differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim"). In particular, a prisoner's dissatisfaction with the pain medication provided to him is insufficient to state a claim. *See, e.g., Moses v. Coble*, 23 F. App'x 391, 392 (6th Cir. 2001) (affirming dismissal of complaint as "clearly frivolous" where a prisoner alleged that he suffered pain from serious back problems due to defendants' refusal to provide him anything beyond over-the-counter pain medication).

Here, even if Plaintiff's allegations are sufficient to suggest negligence or medical malpractice under state tort law in some respect, his complaint fails to state a plausible claim that any Defendant

was deliberately indifference to his medical needs within the meaning of the Eighth Amendment. Therefore, I conclude his complaint must be dismissed.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).   I further certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.


So Ordered.

  s/ Jeffrey J. Helmick
United States District Judge
